JUAN J. GERARDINO, demandante y apelante, *v.* RAFAEL A. BÚSCAGLIA, TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 9256.—*Sometido:* Marzo 18, 1946. *Resuelto:* Julio 24, 1946.

*Alberto Gerardino* y *R. Atiles Moréu,* abogados del apelante; *Hon. Procurador General E. Campos del Toro* y *J. Rivera Barreras,* abogado éste del Departamento de Justicia, abogados ambos del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La demanda en este caso contiene 21 causas de acción prácticamente iguales y el total reclamado asciende a $1,009.24, importe de contribuciones pagadas bajo protesta por el demandante. La corte inferior declaró con lugar la excepción previa de falta de causa de acción, y a solicitud de ambas partes dictó sentencia desestimando la demanda,

con costas al demandante, sin incluir honorarios de abogado. Contra dicha sentencia se ha interpuesto el presente recurso de apelación.

Estando envueltas idénticas cuestiones en todas las causas de acción de la demanda, nos limitaremos a discutir la primera de ellas, ya que resuelta ésta, quedarán *ipso facto*, resueltas las demás.

En la primera causa de acción el demandante, en síntesis, alega, que como comerciante dedicado al ramo de compraventa de efectos eléctricos, celebró un contrato con la Ponce Air Base (Losey Field), institución militar del Gobierno de los Estados Unidos de América, radicada en el término municipal de Juana Díaz, Puerto Rico, y que en virtud de dicho contrato compró a la Superior Porcelain Company, de Parkersburg, West Virginia, E. U. A., en 10 de diciembre de 1940, e introdujo en la Isla de Puerto Rico para y a consignación de la Ponce Air Base varios efectos eléctricos valorados en total en la suma de $131.63; que dicha mercancía recibida y usada por la Ponce Air Base, una agencia militar de los Estados Unidos de América, está exenta del pago de contribución o arbitrio de acuerdo con las leyes federales e insulares; y que no obstante esto, el Tesorero le cobró y él pagó bajo protesta la suma de $8.89, o sea $3.89 por concepto del impuesto, su recargo e intereses hasta junio 12 de 1942, y $5 en pago de la multa administrativa que se le impuso. Termina la demanda solicitando la devolución de las contribuciones pagadas bajo protesta.

Alega el apelante que la corte inferior erró al declarar con lugar la excepción previa.

De la opinión de la corte inferior copiamos lo siguiente:

"En cuanto a la excepción previa resolvemos que debe declararse con lugar puesto que en el hecho segundo de la primera causa de acción que es idéntica a las demás 20 causas que se alegan, dice que el demandante tenía un contrato con la Ponce Air Base (Losey

Field) pero no se alega que ese contrato hecho por el demandante con la referida base militar de los Estados Unidos de América fuese un contrato a base de costos más honorarios fijos.

"El Tribunal Supremo de Puerto Rico resolvió en el caso de *Porto Rico Iron Works* v. *Buscaglia, Tes.*, 62 D.P.R. 868: (citando del sílabo)

'Las mercancías o efectos que se introduzcan en Puerto Rico y se vendan o traspasen a los Estados Unidos, sus agencias o instrumentalidades, incluyendo contratistas a base de costo más honorarios fijos, para ser empleados en obras de ese gobierno están exentos del pago de arbitrios de acuerdo con la sección 2 de la Ley núm. 158 de 1941 ((1) pág. 949).'

"En este caso no se ha alegado esa naturaleza del contrato existente entre el demandante y la Base Losey Field, por esa razón y con apoyo de los casos citados por el Tribunal Supremo de Puerto Rico en la opinión que antecede, se declara con lugar la excepción previa y se conceden 10 días a la parte demandante para que enmiende su demanda si puede."

Alega el apelado para sostener su excepción previa y la sentencia dictada por el tribunal inferior que si se alegara en la demanda que el contrato celebrado por el apelante con la Base Aérea era de los denominados de "costo más honorarios fijos", entonces aduciría hechos suficientes para constituir causa de acción.

Alega en contrario el apelante que las referidas mercancías están exentas del pago de contribuciones o arbitrios por la Ley de Rentas Internas, por la razón única de haber sido introducidas en Puerto Rico para su venta o traspaso a una agencia o instrumentalidad del Gobierno de los Estados Unidos de América, siendo innecesario alegar en la demanda que el comprador de las mismas, que luego las enajenara a favor de la referida entidad, fuera o no un contratista a base de costo más honorarios fijos (*cost plus fixed fee contractor*). Ambas partes contendientes descansan sus respectivas alegaciones en los preceptos de la sección 2 de la Ley núm. 158 de 13 de mayo de 1941 ((1) pág. 949). Dicha sección lee como sigue:

"Sección 2.—Existiendo una emergencia con respecto a las obras de Defensa Nacional en Puerto Rico, se dispone que, a partir de la vigencia de esta Ley y durante el término de un año, *todo artículo, efecto o mercancía fabricada o introducida en Puerto Rico, que se venda o traspase a los Estados Unidos de América, sus agencias e instrumentalidades,* incluyendo contratistas a base de costo más honorarios fijos (*cost-plus-fixed fee contractors*) para su empleo en obras del Gobierno de los Estados Unidos, queda por la presente exenta del pago de cualquier contribución por concepto de arbitrios que se haya impuesto bajo las disposiciones de cualquier ley vigente en Puerto Rico; *Disponiéndose,* que el Tesorero de Puerto Rico queda por la presente facultado para devolver, y se le ordena que devuelva, cualquier arbitrio que después del 7 de abril de 1941 se haya pagado al Tesoro Insular sobre cualquier artículo, efecto o mercancía *vendida o traspasada a los Estados Unidos de América, sus agencias e instrumentalidades,* incluyendo contratistas a base de costo más honorarios fijos (*cost-plus-fixed fee contractors*), y que haya sido empleada en alguna obra del Gobierno de los Estados Unidos.'' (Bastardillas nuestras.)

En el caso de *Porto Rico Iron Works* v. *Buscaglia, Tes.,* 62 D.P.R. 868, 883, citado por el apelado para sostener su excepción previa a la demanda, la corporación demandante alegó que introdujo en Puerto Rico efectos y mercancías que fueron vendidos y traspasados a Estados Unidos directamente o a través de sus agencias o instrumentalidades, excepto algunos que fueron vendidos o traspasados por la demandante a McCloskey & Co. para ser usados en contratos que dicha compañía tenía con los Estados Unidos de América a base de costo más honorarios fijos (cost plus fixed fee contracts), a pesar de todo lo cual, el demandado o sea el Tesorero de Puerto Rico, sin causa justificada e ilegalmente impuso a la demandante arbitrios por la introducción de dichos efectos y mercancías, los cuales fueron pagados bajo protesta por la demandante. El demandado, igual que en el caso que ocupa ahora nuestra atención, interpuso excepción previa por falta de hechos constitutivos de causa de acción, y declarada ésta sin lugar, la corte de distrito, a so-

licitud del referido demandado, dictó sentencia declarando con lugar la demanda y condenó al demandado al pago de la suma de dinero reclamada más intereses de 6 por ciento sobre dicha cantidad desde la fecha de la interposición de la demanda, más las costas. Contra dicha sentencia el demandado interpuso recurso de apelación, y este Tribunal interpretando y aplicando la sección 2 de la Ley núm. 158, supra, se expresó así (pág. 884):

"Como se ve, esta sección de la Ley núm. 158 de 1941, demuestra la intención expresa de nuestra Legislatura de eximir del pago de tributación, durante un año, a todos aquellos artículos, efectos o mercancías fabricados o introducidos en Puerto Rico que se vendieren o traspasaren a los Estados Unidos, sus agencias e instrumentalidades, incluyendo contratistas a base de costo más honorarios fijos, para su empleo en obras del Gobierno de Estados Unidos. Indudablemente las mercancías y efectos introducidos por la demandante enumerados en la séptima causa de acción de la demanda caen de lleno dentro de la exención establecida por dicho estatuto."

El principal fundamento de la excepción expuesto por el demandado para sostener su tesis es que no siendo el demandante un contratista a base de costo más honorarios fijos, debe pagar el arbitrio impuéstole al introducir en la Isla la mercancía que comprara á la Superior Porcelain Co. por ser él un comprador que no puede ampararse en la exención de la Ley, ya que no es el contratista que ésta contempla ni una agencia o instrumentalidad del Gobierno de Estados Unidos. Creemos que la corte inferior erró al interpretar y aplicar la Ley en este caso. Nuestro estatuto es claro y terminante en sus preceptos. Sólo exige para que un artículo o mercancía quede exento de tributación que sea fabricado o introducido en Puerto Rico y se venda o traspase a los Estados Unidos de América, sus agencias e instrumentalidades, incluyendo contratistas a base de costo más honorarios fijos, para su empleo en obras del Gobierno de los Estados Unidos, sin tener en cuenta ningún otro requisito o considera-

ción. El hecho de que el demandante fuera un comprador de los artículos introducidos en Puerto Rico que fueron traspasados luego a la Ponce Air Base (Losey Field), no sujeta a éstos al pago de tributo alguno. Basta solamente su introducción y traspaso a la entidad aludida para quedar dentro de la exención de la ley. Indudablemente los artículos o mercancías introducidos por el demandante que se numeran en las 21 causas de acción de la demanda caen de lleno dentro de la exención establecida por dicho estatuto.

■■ La cuestión a resolver es si de acuerdo con los hechos y la ley el demandante tiene derecho a la devolución que solicita.

Alega el demandante que el *10 de diciembre de 1940* compró a una firma continental e introdujo en Puerto Rico cierta mercancía que se recibió y se usó en una base aérea del Ejército. Sobre dicha mercancía no pagó arbitrios hasta el *12 de junio de 1942,* en que lo hizo bajo amenaza de embargo.

El demandante reclama la exención de dichos arbitrios en virtud de la sección 2 de la Ley núm. 158 de 1941 que dispone que "a partir de la vigencia de esta Ley y durante el término de un año, todo artículo . . . . introducida en Puerto Rico, que se venda o traspase a los Estados Unidos de América, sus agencias e instrumentalidades, incluyendo contratistas a base· de costo-más-honorarios-fijos . . . . del Gobierno de los Estados Unidos, queda por la presente exenta del pago de cualquier contribución por concepto de arbitrios . . . . *Disponiéndose,* que el Tesorero . . . . queda por la presente facultado para devolver, y se le ordena que devuelva, cualquier arbitrio que después del 7 de abril de 1941 se haya pagado al Tesoro Insular . . . ".

La parte dispositiva de la sección 2 indudablemente dispone que todas las ventas hechas a contratistas en Puerto Rico sobre la base de costo-más-honorarios-fijos o la introducción en Puerto Rico para uso de tales contratistas que

ocurran durante el período de un año a contar desde agosto de 1941—fecha de vigencia de la ley—estarán exentas de arbitrios. Si la ley no fuera más allá de ese punto sería obvio que la venta envuelta en este caso no estaría exenta, ya que ocurrió con anterioridad a la aprobación de la ley.

Sin embargo, la cuestión a dilucidar es la que se refiere al significado y propósito del *Disponiéndose.* Si se lee en forma absolutamente literal, la contención tal vez sería en el sentido de que no importa cuándo se efectuó la venta u ocurrió la introducción—en cualquier época desde 1925 a 1942—debe efectuarse el reembolso, siempre y cuando que el pago se haga después del 7 de abril de 1941. Sin embargo, suponiendo, sin decidirlo, que aceptáramos esta interpretación literal de la ley, el *Disponiéndose* a lo más faculta a reclamar su reembolso al que paga el arbitrio entre abril y agosto. No creemos que pueda ser interpretado en el sentido de proveer que el individuo que como aquí vendió a un contratista sobre la base de costo-más-honorarios-fijos con anterioridad a la aprobación de la ley y aunque obligado a pagar el arbitrio inmediatamente no lo pagó hasta junio de 1942, cuando lo hizo bajo protesta debido a la amenaza de embargo, está cobijado por el estatuto.

Existe otra interpretación de la ley que nos lleva al mismo resultado en este caso. Si la parte dispositiva de la ley y el *Disponiéndose* se leen conjuntamente y se tiene en mente el propósito de la ley, se podría argumentar convincentemente que la exención sólo cubre las ventas efectuadas después de agosto de 1941 y que la fecha en abril fué seleccionada para permitirle obtener su reembolso al importador que importó mercancía entre abril y agosto, pagó el arbitrio antes de agosto, y vendió la mercancía después de agosto a un contratista sobre la base de costo-más-honorarios-fijos.

Existe aún una posible tercer teoría: la ley exime ventas entre abril y agosto, lo mismo que aquéllas hechas después

de agosto. Aquí tampoco procede la exención, ya que la venta ocurrió antes de abril de 1941.

Por tanto vemos que las tres teorías, cuando son aplicadas a los hechos de este caso, no le dan derecho al demandante a obtener el reembolso. Importó y vendió las mercancías antes de la aprobación del estatuto. Pagó el arbitrio, no entre abril y agosto del 1941 sino en junio de 1942. Si hubiera pagado el arbitrio dentro de los diez días que provee la ley y el reglamento, no hubiera podido reclamar la exención. El hecho de que en violación de la ley haya retenido el pago hasta 1942 no puede servir de base para reclamar la exención.

*La sentencia recurrida será confirmada.*